Salvador GARCIA, Appellant,

v.

The STATE of Texas and the Texas Department of Highways and Public Transportation, Appellees.

No. 04–91–00250–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 18, 1991.

Rehearing Denied Oct. 17, 1991.

Warren Weir, Weir & Alvarado, P.C., San Antonio, for appellant.

William E. Williams, III, Office of Atty. Gen., Highway Div., Austin, for appellees.

Before PEEPLES, BIERY and GARCIA, JJ.

OPINION

BIERY, Justice.

Salvador Garcia, appellant, suffered personal injuries and property damage in a one-vehicle accident while driving his truck on a State highway in Bexar County, Texas. Mr. Garcia filed suit against the State of Texas and the Texas Department of Highways and Public Transportation pursuant to the Texas Tort Claims Act, TEX. CIV.PRAC. & REM.CODE ANN. ch. 101 (Vernon 1986), alleging that the incident was caused by a condition of the State highway on which he was traveling. He further alleged he was an invitee, as opposed to a licensee, on the State highway in question because he paid for the use of the roadway by paying for his driver's license,

licensing fees for his truck and taxes on his fuel, said sums being used by the defendants for the maintenance of State highways.

The defendants filed a motion for summary judgment asserting Mr. Garcia to be a licensee, as a matter of law. As a licensee, Mr. Garcia would be owed a lesser duty by the State: not to injure a person by willful, wanton or gross negligence, or to warn of a dangerous condition or make the condition reasonably safe. Mr. Garcia responded that his payment of licensing fees and fuel taxes made him an invitee; therefore, the State owed him the higher duty to exercise ordinary care. Mr. Garcia urged that whether the higher duty was breached would be a fact issue precluding summary judgment.

The trial court granted summary judgment in favor of the defendants, ruling (1) Mr. Garcia was a licensee as a matter of law; (2) as a licensee, Mr. Garcia was required to prove the State had knowledge of a dangerous condition at the scene of the accident in question, and (3) based on the stipulated proof presented, the State did not have knowledge of a dangerous condition at the scene of the accident. In a single point of error Mr. Garcia appeals, contending the summary judgment evidence shows him to be an invitee; therefore, he should be allowed to have a trial on the merits on the issue of whether the State violated the duty of ordinary care owed to an invitee. We affirm.

■■■■ The party moving for summary judgment has the burden of proving that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985); TEX.R.CIV.P. 166a(c). In deciding whether a disputed material fact issue precludes summary judgment the reviewing court will take as true all evidence favoring the non-movant. *Nixon,* 690 S.W.2d at 548–9; *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Every reason-

able inference from the evidence will be indulged in favor of the non-movant and any doubts will be resolved in his favor. *Nixon,* 690 S.W.2d at 549; *Montgomery,* 669 S.W.2d at 311. The duty of the State in a premises liability case is defined as being the duty owed to a licensee unless the injured party paid for the use of the premises. TEX.CIV.PRAC. & REM.CODE ANN. § 101.022(a) (Vernon 1986); *State v. Tennison,* 509 S.W.2d 560 (Tex.1974). The duty of a licensor (the State) is to refrain from injuring the licensee by willful, wanton or gross negligence. If the licensor has actual knowledge of a dangerous condition and the licensee does not, there is a duty on the part of the licensor either to warn the licensee or to make the condition reasonably safe. *Lower Neches Valley Auth. v. Murphy,* 536 S.W.2d 561 (Tex. 1976).[1]

In the Texas Tort Claims Act, the legislative branch has defined a different duty owed to injured parties who paid a fee for use of the premises, that duty coinciding with the common law invitee duty traditionally owed in premises defect cases. *Rawlings v. Angelo State Univ.,* 648 S.W.2d 430 (Tex.App.—Austin 1983, writ ref'd n.r.e.) (student who paid tuition and fees to attend State university was an invitee); *City of Fort Worth v. Barlow,* 313 S.W.2d 906 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n.r.e.) (swimming beach at Lake Worth at which various activity fees were charged by lessee of City). The ultimate issue before the trial court and before this court on appeal is whether the payment by Mr. Garcia of licensing fees and fuel taxes elevated him to the level of an invitee on the public highways of Texas.

The summary judgment proof consisted of the following:

1. Mr. Garcia's stipulations showing that at the time of the accident in question: (a) Mr. Garcia left the roadway of State Loop 1604 at a point that is 1.233 miles south of the center of the intersection of State Loop 1604 and U.S. High-

---

**1.** The affidavit of the plaintiff in his response to the State's motion for summary judgment says that Mr. Garcia is unable to demonstrate either willful, wanton or gross negligence or that the defendant State agency had actual knowledge of the defect or dangerous condition.

way 90 in Bexar County; (b) Mr. Garcia was licensed by the State of Texas to operate his dump truck on the highways of Texas; (c) Mr. Garcia did not have liability insurance or proof of financial responsibility relating to the dump truck involved in the accident; (d) Mr. Garcia had paid diesel fuel taxes to the State of Texas and the United States of America; (e) Mr. Garcia had paid a fee to register his dump truck with the State of Texas; (f) "the State did not charge a toll to anyone for the use of State Loop 1604 and Salvador C. Garcia had not paid anyone a toll for the use of State Loop 1604"; and (g) the State "did not know of a dangerous condition on State Loop 1604, at or near the point that is 1.233 miles south of the center of the intersection of State Loop 1604 and U.S. Highway 90 in Bexar County, just west of San Antonio, Texas, and plaintiff Salvador C. Garcia can not prove otherwise";

2. the affidavit of Joseph H. Stockert, Jr., a custodian of records employed by the State Department of Highways and Public Transportation, pertaining to the roadway in question, which established that the State did not charge any toll or fee for the use of said roadway;

3. the affidavit of Dr. Curtis Toews, an economist employed by the Finance Division of the State Department of Highways and Public Transportation, which showed: (a) that three-quarters of the State's share of the revenues from the tax on diesel fuel was deposited in the State Highway Fund; (b) that the State's share of revenues from vehicle registration fees is deposited in the State Highway Fund; (c) that these revenues are applied for a number of purposes other than road construction and maintenance, such as traffic law enforcement by the Department of Public Safety, public transportation, intercoastal waterway operations and activities of the Office of the Attorney General on behalf of the State Department of Highways and Public Transportation; (d) that no part of motor vehicle sales tax revenues was used for road maintenance as of March 15, 1991, but that some of said revenues was transferred to the State Highway Fund before January 1987; (e) that the State does not charge tolls or fees for the use of Texas roads; (f) that holders of a valid driver's license driving a duly registered and inspected motor vehicle are not required to pay any sum for the use of Texas roads and that use of Texas roads is authorized without the payment of any fee or charge; (g) that in accordance with article III, Section 52-b of the Texas Constitution, the State does not engage in funding, constructing, maintaining or operating toll roads or turnpikes within the State of Texas.

While there are no cases which specifically address the issue of invitee or licensee status on public roadways, we are persuaded that the payment of general licensing fees and fuel taxes does not give rise to the higher invitee duty. First, the cases which give some guidance involve instances where a specific fee was paid to be on and to use specific public premises. Second, a driver with a license and plates from a State other than Texas who had not paid Texas fuel taxes would still have the same access to the public highways of the State of Texas. Under Mr. Garcia's analysis, the State, as owner of the premises, would owe the non-Texas driver the lesser duty owed to a mere licensee. We see no rational basis for such a distinction between Texas and non-Texas drivers. Finally, under Mr. Garcia's analysis, virtually every vehicle accident on public roadways would involve "invitees" who could allege a defect in the roadway as a cause of the accident, that therefore sovereign immunity had been waived and the governmental entity made a party. We believe the legislature did not intend such a broad waiver when it wrote section 101.022(a) of the Texas Civil Practice and Remedies Code. Clearly, it did not do so specifically, and we decline to enlarge the statute by judicial decision.

Accordingly, the trial court's summary judgment in favor of the State is affirmed.