# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00563-CV

**Novella J. Clay and Elton W. Clay, Appellants**

**v.**

**City of Fort Worth, Appellee**

## FROM THE DISTRICT COURT OF TARRANT COUNTY, 67TH JUDICIAL DISTRICT
## NO. 67-181378-99, HONORABLE DONALD J. COSBY, JUDGE PRESIDING

This is an appeal from a summary judgment granted in favor of appellee, the City of Fort Worth (Athe City@). Appellants, Novella J. Clay and Elton W. Clay, sued the City for negligence and gross negligence under the Texas Tort Claims Act after Ms. Clay was injured on the premises of the Will Rogers Coliseum, a public events facility owned by the City. *See* Tex. Civ. Prac. & Rem. Code Ann. ' ' 101.001-.109 (West 1997 & Supp. 2002). The City moved for summary judgment, arguing that it owed Ms. Clay only the duty a private landowner owes to a licensee and that its maintenance of the premises was not grossly negligent. The trial court granted the City=s motion. In two points of error, the Clays contend the trial court erred in granting summary judgment because: (1) Ms. Clay held the status of an invitee rather than a licensee; and (2) a genuine issue of material fact was raised regarding the City=s actual knowledge of the condition that gave rise to Ms. Clay=s injuries. We will affirm the trial court=s judgment.

## BACKGROUND

On July 31, 1992, the City and Southwestern Bell Corporation (ABell@) entered into an agreement, which granted Bell the right to install and maintain telephone equipment on City-owned property, including the coliseum. This agreement granted Bell the right, through its agents, to enter the coliseum to service the pay phones installed by Bell as follows:

> The equipment, instruments and lines on the [City=s] premises, furnished hereunder by [Bell] for use by the public shall be and remain the property of [Bell], whose agents and employees have the right to enter such premises at any reasonable hour for the purpose of installing, inspecting, maintaining or repairing the equipment, instruments and lines for the purposes of making collection from its coin boxes . . . .

In the agreement, Bell agreed to pay the City a commission based on the revenues generated by the use of the pay phones on the coliseum property. The City does not deny that it profited from this agreement.

On December 24, 1997, Novella Clay, an employee of Bell, entered the coliseum in the course and scope of her employment to service Bell=s pay phones. When she left the coliseum through the door designated AW-8,@ she pushed on the door, and the door closer fell from above and struck her head and neck. She had no notice regarding any problem with the door. As a result of her injuries, she suffered substantial head trauma. The Clays filed suit against the City claiming negligence and gross negligence. The City moved for summary judgment, and the trial court granted the motion. The Clays then appealed to this Court.

## STANDARD OF REVIEW

When reviewing a summary judgment, we employ the well established standards articulated in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex. 1985). To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 548. Every reasonable inference should be resolved in favor of the nonmovant. *Id.* at 549. Moreover, evidence favorable to the movant=s position should not be considered unless it is uncontroverted. *McCord v. Avery*, 708 S.W.2d 954, 955 (Tex. App.CFort Worth 1986, no writ). If such evidence is from an interested witness, it cannot be considered as doing more than raising a fact issue unless it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. Tex. R. Civ. P. 166a(c). The summary judgment will only be affirmed if the record establishes that the movant has conclusively proved all essential elements of its cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

**DISCUSSION**

By their first issue, appellants contend that the trial court erred in concluding as a matter of law that Ms. Clay was a licensee on the coliseum premises and granting summary judgment in favor of the City on that basis. The Texas Tort Claims Act provides that if a claim arises from a premises defect, the governmental unit owes the claimant only the duty that a private person owes to a licensee on private property *unless the claimant has paid for the use of the premises*. Tex. Civ. Prac. & Rem. Code Ann. ' 101.022(a) (West 1997). Appellants claim that because Bell was engaged in a revenue-sharing relationship with the City, Bell had paid for the use of the coliseum premises and thus Ms. Clay was an

3

invitee of the City.  They direct us to *Marshbank v. Austin Bridge Co.*, 669 S.W.2d 129 (Tex. App.CCorpus Christi 1984, writ ref=d n.r.e.), in support of this argument.

In *Marshbank*, an agent for a stevedore company was injured when he stepped into a hole in a dock owned by the Nueces County Navigation District No. 1, a governmental entity.  He subsequently sued, arguing that he was entitled to invitee status as to the navigation district because his employer was involved in a continuing, revenue-producing, business relationship with the district.  *Id*. at 133.  The court in *Marshbank* concluded that the relationship between the plaintiff=s employer and the district was insufficient to constitute payment for use of the premises under the Texas Tort Claims Act.[1]  *Id*. at 133-34.  Generally, the mere payment of a fee *related to* the premises does not establish that the plaintiff has paid *for the use* of the premises.  Michael Shaunessy, *Sovereign Immunity and the Extent of the Waiver of Immunity Created by the Texas Tort Claims Act*, 53 Baylor L. Rev. 87, 164 (2001) (citing *State Dep=t of Highways & Pub. Transp. v. Kitchen*, 867 S.W.2d 784, 786-87 (Tex.1993); *Garcia v. State*, 817 S.W.2d 741, 743 (Tex. App.CSan Antonio 1991, writ denied)).  Only a fee charged for entry onto a particular premises is sufficient to confer invitee status under section 101.022(a).  *Id*. at 165 (citing *Kitchen*, 867 S.W.2d at 786-87; *Texas Parks & Wildlife Dep=t v. Davis*, 988 S.W.2d 370, 374-75 (Tex.

---

[1]     In *Marshback*, the court interpreted a prior version of the Texas Tort Claims Act which was substantially similar to section 101.022(a).  The previous statute provided:

> As to premises defects the unit of government shall owe to any claimant only the duty owed by private persons to a licensee on private property unless payment has been made by the claimant for the use of the premises.

*See Marshback v. Austin Bridge Co.*, 669 S.W.2d 129, 133 (Tex. App.CCorpus Christi 1984, writ ref=d n.r.e.) (citing Tex. Rev. Civ. Stat. Ann. art. 6252-19 ' 18(b) (Vernon 1970)).

4

App.CAustin 1999, pet. denied). Although the revenue-sharing relationship between the City and Bell may have involved a fee *related to* the premises, we conclude that this relationship did not require a payment of a fee *for use of the premises* under the meaning of section 101.022(a). We acknowledge that the provisions of the Texas Tort Claims Act are to be liberally construed to achieve its purpose. *Marshback*, 669 S.W.2d at 133. While liberal construction is authorized, Asuch authority does not permit our court to engraph liability beyond that limited by the very act imposing the liability.@ *Id*. Thus, Ms. Clay is not entitled to invitee status by virtue of the revenue-sharing relationship between the City and Bell. Accordingly, we overrule appellants= first issue.

By their second issue, appellants contend that the trial court erred in concluding as a matter of law that the City did not have actual knowledge of the dangerous condition of the door closer and granting summary judgment on that basis. **A governmental entity has no obligation to a plaintiff unless it had *actual knowledge of the dangerous condition*. *State Dep=t of Highways v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992). A governmental entity=s constructive knowledge of a dangerous condition can not be the basis of a duty to a plaintiff. *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974). In other words, a governmental entity may only be held liable for an injury when it had Aactual knowledge@ of the defect and not when it reasonably should have known of the condition. *Mendoza v. Corpus Christi*, 700 S.W.2d 652, 656 (Tex. App.C Corpus Christi 1989, writ ref=d n.r.e.). In *Mendoza*, the plaintiff was killed by diving from a pier into shallow water. The court found that the city=s knowledge that the lake level was falling and that there had been a drowning incident in the lake was insufficient evidence to establish that the city had actual**

5

**knowledge of the danger resulting from the falling lake level. Similarly, the City=s knowledge that door closers do at times come loose and that a door closer at another location had fallen is insufficient evidence to establish that the City had actual knowledge of the danger resulting from the defective door closer above door W-8.**

Appellants next contend that the City=s actions with regard to the maintenance and inspection of the door closer at the coliseum amounted to willful, wanton, or gross negligence. To make a finding of gross negligence, there must be some showing that the defendant knew about the dangerous condition, but was consciously indifferent to the rights, welfare, or safety of those persons affected by it. *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 922 (Tex. 1981). Ordinary negligence becomes gross negligence only when a defendant=s acts or omissions show that it knew of the danger and did not care enough to remedy it. *Brazoria County v. Davenport*, 780 S.W.2d 827, 829 (Tex. App.CHouston [1st Dist.] 1989, no writ).

Here, the City offered the affidavit of Daniel Rose, the Building Superintendent for the coliseum. Rose=s affidavit states that he is responsible for the overall maintenance and safety of the coliseum. Rose described the City=s annual inspection process regarding the coliseum doors and closers. He indicated that the door closers were inspected annually and maintained throughout the year. If, during an inspection, a closer was identified as needing repair or if a report was filed during the year regarding a closer in need of repair, Rose ensured the repairs were timely made. The record reflects that for the eight-year period preceding Ms. Clay=s injury, no requests for maintenance or repair were made for the door closer above door W-8. Appellants respond only that with the regular use of that door, it is inconceivable that the

6

City would not anticipate the dangerous condition of the door closer. This contention, however, does not raise a genuine issue of material fact regarding the City=s actual knowledge of and conscience indifference to the dangerous condition of the door closer above door W-8.

Although Rose is both a City employee and an interested witness, a similar affidavit has been found to be sufficient to support a summary judgment for a premises owner. In *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 2-3 (Tex. 1996), the supreme court considered the affidavit of a hotel manager who stated that there had been no incidents or complaints concerning slippery or defective conditions in the hotel=s shower stalls. The court found this affidavit sufficient to show a lack of knowledge by the hotel concerning any dangerous condition in the showers, thus precluding the plaintiff=s premises liability claim based on negligence, a failure to warn, or the absence of safety devices. *Id*. at 3; *see also Simpson v. Harris County*, 951 S.W.2d 251, 254 (Tex. App.CHouston [14th Dist.] 1997, no writ). Accordingly, we conclude that the City did not have knowledge of the dangerous condition of the door closer above door W-8 of the coliseum, and we overrule appellants= second issue.

Having overruled both of appellants= issues, we affirm the judgment of the trial court.

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

7

Filed:   October 31, 2002

Do Not Publish