NUMBER 13-03-509-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


STATE OF TEXAS PARKS &

WILDLIFE DEPARTMENT, Appellant,


v.



DANNY J. MORRIS, LUCIA R. MORRIS, 

AND M. M., A CHILD, Appellees.

___________________________________________________________________


On appeal from the 135th District Court


of Goliad County, Texas.


__________________________________________________________________


O P I N I O N



Before Justices Yañez, Rodriguez, and Garza


Opinion by Justice Rodriguez



 Appellant, State of Texas Parks & Wildlife Department, brings this accelerated
interlocutory appeal following the trial court's denial of its plea to the jurisdiction. (1) By
two issues, appellant contends the trial court erred in denying its plea to the
jurisdiction because appellees' petition failed to state an actionable claim. We affirm. I. BACKGROUND

 On March 30, 2002 appellees, Danny J. Morris, Lucia R. Morris, and M. M., a
child, arrived at the Goliad State Park (the Park) in Goliad County, Texas. Appellees
paid an admission fee for use of the Park and its facilities. Shortly after arriving at the
Park, M. M., a three-year-old child, fell into a campfire pit containing smoldering coals
from a previous fire. M. M. suffered burns over his hands, arms, and legs and required
medical treatment. The Morris family brought suit against appellant for damages
resulting from the incident. In their original petition, appellees alleged that the injuries
to M. M. were caused by a defective condition or negligent use of tangible real
property; conduct for which immunity is waived by the Texas Tort Claims Act. Tex.
Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (Vernon 1997 & Supp. 2004). 
Appellees later amended their pleadings, as ordered by the court, to allege a gross
negligence cause of action. Appellant filed a plea to the jurisdiction which was denied
by the court. (2) This appeal ensued. 

II. STANDARD OF REVIEW

 A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of
action without regard to whether the claims asserted have merit." Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's
authority to determine the subject matter of a pleaded cause of action. City of
Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex. App.-El Paso 2000, pet. dism'd w.o.j.);
State v. Benavides, 772 S.W.2d 271, 273 (Tex. App.-Corpus Christi 1989, writ
denied). 

 Because subject matter jurisdiction is a question of law, we review a trial court's
ruling on a plea to the jurisdiction under a de novo standard of review. State v.
Gonzalez, 82 S.W.3d 322, 327 (Tex. 2003). In determining whether jurisdiction
exists, rather than looking at the claim's merits, we look to the allegations in the
pleadings, accept them as true, and construe them in favor of the pleader. See County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Tex. Ass'n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). We consider the facts alleged in
the petition, and to the extent it is relevant to the jurisdictional issue, any evidence
submitted by the parties to the trial court. Tex. Natural Res. Conservation Comm'n
v. White, 46 S.W.3d 864, 868 (Tex. 2001); Blue, 34 S.W.3d at 555. 

 It is the plaintiff's burden to allege facts affirmatively demonstrating the trial
court's jurisdiction. Tex. Ass'n of Bus., 852 S.W.2d at 446; Mission Consol. Indep.
Sch. Dist. v. Flores, 39 S.W.3d 674, 676 (Tex. App.-Corpus Christi 2001, no pet.). 
When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency and the plaintiff should be afforded the opportunity to amend. Brown, 80
S.W.3d at 555. On the other hand, if the pleadings affirmatively negate the existence
of jurisdiction, then a plea to the jurisdiction may be granted without allowing the
plaintiff an opportunity to amend. Id.III. ANALYSIS

 On appeal, appellant argues that the trial court erred in denying its plea to the
jurisdiction. Specifically, appellant contends: (1) the recreational use statute limits the
tort claims act's waiver of sovereign immunity in this case and dictates that the only
standard of care owed to appellees is that of a trespasser; and (2) appellees failed to
allege facts or offer evidence showing that the injury to M. M. occurred as a result of
wilful, wanton or grossly negligent conduct.A. Application of the Recreational Use Statute 

 In its first issue appellant argues that chapter 75 of the civil practices and
remedies code, commonly known as the recreational use statute, should apply in this
case to limit its liability. See Tex. Civ. Prac. & Rem. Code Ann. §§ 75.001-.004
(Vernon 1997 & Supp. 2004). Appellees, however, argue section 101.022(a) of the
Texas Tort Claims Act applies, unlimited by the recreational use statute. See id. §
101.022(a). We must, therefore, determine which statute controls in a situation
where a claimant is charged a fee to enter government property for recreational
purposes. Thus, the issue before this Court is one of statutory construction. 

 "In construing a statute, our primary objective is to determine and give effect
to the Legislature's intent." Nat'l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527
(Tex. 2000). Our starting point is to look to the plain and common meaning of the
statute's words, viewing its terms in context and giving them full effect. Liberty Mut.
Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998). If the
language is unambiguous, we will interpret the statute according to its plain meaning. 
State ex rel. State Dep't of Hwys & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327
(Tex. 2000). We are mindful that "every word in a statute is presumed to have been
used for a purpose; and a cardinal rule of statutory construction is that each sentence,
clause and word is to be given effect if reasonable and possible." Perkins v. State,
367 S.W.2d 140, 146 (Tex. 1963). We should also presume the Legislature intended
a "result feasible of execution" when it enacted the statute. In re Mo. Pac. R.R. Co.,
998 S.W.2d 212, 216 (Tex. 1999).

 The recreational use statute was passed to encourage landowners to open their
lands to the public for recreational uses. State v. Shumake, No. 03-03-00111-CV,
2003 Tex. App. LEXIS 10169, at *12 (Austin Dec. 4, 2003, no pet.). The statute
absolves certain property owners of liability for injuries to others using the property for
recreation so long as the property owner does not engage in grossly negligent conduct
or act with malicious intent or in bad faith. Tex. Civ. Prac. & Rem. Code Ann. §§
75.001-.004 (Vernon 1997 & Supp. 2004); see City of Bellmead v. Torres, 89 S.W.3d
611, 612 (Tex. 2002). When the statute applies, landowners only owe the public the
standard of care owed to a trespasser on the premises. Tex. Civ. Prac. & Rem. Code
Ann. § 75.002(b)(2), (c)(2) (Vernon 1997 & Supp. 2004). Appellant contends the
recreational use statute applies under the facts of this case, and thus limits its liability.

 Appellees, however, brought their cause of action pursuant to section
101.021(2) of the Texas Tort Claims Act. (3) They alleged that M. M.'s injuries were
caused by a defective condition or negligent use of tangible real property by appellant. 
On appeal they contend that the duty of care owed by appellant is governed not by the
recreational use statute, but by section 101.022(a) of the tort claims act. Section
101.022(a) provides that if a claim arises from a premise defect, the governmental unit
owes the claimant only the duty that a private person owes to a licensee on private
property, unless the claimant pays for the use of the premises. Id. § 101.022(a)
(Vernon 1997). When the claimant pays for the use of the premises, as in this case,
the duty imposed upon the governmental unit is the same duty of care that a private
landowner owes to an invitee. See Clay v. City of Fort Worth, 90 S.W.3d 414, 417
(Tex. App.-Austin 2002, no pet.); Vela v. Cameron County, 703 S.W.2d 721, 724
(Tex. App.-Corpus Christi 1985, writ ref'd n.r.e.). It is the invitee duty of care which
appellees believe should be applied.

 In determining the applicability of the recreational use statute to the facts of this
case we must look to section 75.003 of the civil practice and remedies code, which
states in relevant part:

 (c) Except for a governmental unit, this chapter applies only to an owner,
lessee, or occupant of real property who:

 (1) does not charge for entry to the premises; [or]

 (2) charges for entry to the premises [an amount limited by this
statute]. . . .


* * * *


 (e) Except as otherwise provided, this chapter applies to a governmental
unit.

 (f) This chapter does not waive sovereign immunity.

 (g) To the extent that this chapter limits the liability of a governmental
unit under circumstances in which the governmental unit would be liable
under Chapter 101, this chapter controls.


Tex. Civ. Prac. & Rem. Code Ann. § 75.003(c), (e)-(g) (Vernon 1997 & Supp. 2004). 
 Because the language of the recreational use statute is unambiguous, we
interpret the statute according to its plain meaning. Section 75.003(e) provides that
the recreational use statute applies to "governmental units." Id. § 75.003(e). 
Appellant is a governmental unit and is, therefore, a party to which this statute
applies. See id. §§ 75.001(4) ("governmental unit" has the meaning assigned under
section 101.001), 101.001(3)(A) ("governmental unit" includes all departments of the
government of this state). We note that the language in subsection (e), "except as
otherwise provided," indicates the Legislature contemplated that certain sections or
subsections of the statute would not apply to a governmental unit. For example,
subsection (c) provides, "[e]xcept for a governmental unit, this chapter applies only to
an owner, lessee, or occupant of real property" who does not charge or whose total
charges are less than that mandated by the statute. See id. § 75.003(c). Reading
subsections (c) and (e) together, it is clear the Legislature did not intend for the
restrictions of subsection (c) to apply to governmental units. Therefore, the
recreational use statute applies to all governmental units whether or not they charge
a fee to enter the premises. 

 Furthermore, the Legislature has made clear the relationship between the
recreational use statute and the tort claims act. Section 75.003(g) provides that in
circumstances where a governmental unit would be liable under the tort claims act, the
recreational use statute controls in limiting the liability of the governmental unit. Tex.
Civ. Prac. & Rem. Code Ann. § 75.003(g). The Legislature included a similar section
in the tort claims act with the same directive. See id. § 101.058 ("To the extent that
Chapter 75 limits the liability of a governmental unit under circumstances in which the
governmental unit would be liable under this chapter, Chapter 75 controls."). We
conclude, therefore, that the plain meaning and clear language of the recreational use
statute dictates that the statute is to be applied to limit the liability of appellant under
the facts of this case. 

 Therefore, applying the recreational use statute, the duty owed by appellant is
only that owed to a trespasser - to refrain from causing injury willfully, wantonly, or
through gross negligence. Id. § 75.002; see City of Bellmead, 89 S.W.3d at 613. 
Appellant's first issue is sustained.B. Sufficiency of the Morrises' Pleadings

 By its second issue, appellant contends appellees failed to allege facts or offer
evidence showing that the injury occurred as a result of wilful, wanton, or grossly
negligent conduct.

 Gross negligence involves proof of two elements: (1) viewed objectively from
the actor's standpoint, the act or omission must involve an extreme degree of risk,
considering the probability and magnitude of the potential harm to others; and (2) the
actor must have actual, subjective awareness of the risk involved, but nevertheless
proceed in conscious indifference to the rights, safety, or welfare of others. Louisiana-Pacific Corp. v. Andrade, 19 S.W.3d 245, 246 (Tex. 1999) (citing Transp. Ins. Co. v.
Moriel, 879 S.W.2d 10, 23 (Tex. 1994)). Under the first element, the "extreme risk"
means the likelihood of serious injury to the plaintiff. Mobil Oil Corp. v. Ellender, 968
S.W.2d 917, 921 (Tex. 1998). Under the second element, actual awareness means
that the defendant knew about the peril, but its acts or omissions demonstrated that
it did not care. Id. 

 In their petition, appellees alleged that:

 Defendant breached its duty to the Morris Family by failing to provide a
safe campsite, including the failure to have waist-high fire grills or rings
around the campfire pit, which are required by Defendant's express
policies and regulation. Viewed objectively from Defendant's standpoint,
the act or omission of failing to provide a safety [sic] and protected
campfire pit involved an extreme degree of risk, considering the
probability and magnitude of the potential harm to the Morris Family. 
Furthermore, Defendant had actual, subjective awareness of the risk
involved in failing to provide a safe and protected campfire pit, but
nevertheless proceed[ed] in conscious indifference to the rights, safety,
or welfare of the Morris Family. Defendant's willful, wanton, and grossly
negligent conduct directly and proximately caused the occurrence in
question. . . .


These allegations, when accepted as true and construed in favor of the pleader,
support a claim for gross negligence. See Brown, 80 S.W.3d at 555; Tex. Ass'n of
Bus., 852 S.W.2d at 446. Therefore, we conclude the Morrises have sufficiently pled
a cause of action under the recreational use statute and tort claims act. Appellant's
second issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 

 NELDA V. RODRIGUEZ

 Justice


Opinion delivered and filed

this 16th day of March, 2004.

 
1. An appeal may be taken from an interlocutory order that grants or denies a plea to the
jurisdiction by a governmental unit as defined in section 101.001. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 51.014(a)(8), 101.001 (Vernon Supp. 2004). The State of Texas Parks & Wildlife Department is
such a governmental unit. Id. § 101.001(3)(A).
2. Appellant's plea to the jurisdiction was originally granted by order of the trial court. Later, the
trial court withdrew that order and denied appellant's plea. Issues regarding the procedural posture of
this appeal were addressed and disposed of in a companion case, Danny J. Morris, Lucia R. Morris, and
M. M., a Child v. State of Texas Parks & Wildlife Department, cause number 13-03-372-CV.
3. Under section 101.021(2), a governmental unit is liable for personal injury and death so caused
by a condition or use of tangible personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law. Tex. Civ. Prac. & Rem. Code Ann. §
101.021(2) (Vernon 1997).