

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00242-CV

**TEXAS ENGINEERING EXTENSION SERVICE,**

                                                            **Appellant**

 **v.**

**COREY GIFFORD AND LISA ELAINE GIFFORD,**

                                                            **Appellees**



### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 09-001138-CV-361


## MEMORANDUM  OPINION


Corey and Lisa Gifford filed a premises liability suit against Texas Engineering Extension Service (TEEX) for injuries Corey received while participating in an industrial fire brigade training program.  TEEX filed a plea to the jurisdiction, motion for summary judgment, and motion to dismiss.  The trial court denied the motions, and TEEX appeals.  We reverse.

## Background Facts

Corey was employed by Nalco, Inc. and was a member of their emergency response team. Corey and other members of the Nalco emergency response team attended a three-day fire brigade training session at the TEEX facilities. On the third day, Corey slipped and fell while participating in the training. Corey alleged that he fell when he slipped on algae that was hidden under several inches of water. After he fell, Corey declined medical attention and completed the training session. Corey began experiencing pain from the fall later that night and eventually sought medical treatment for his injuries.

## Waiver of Immunity

The Giffords filed a premises liability suit under the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 et seq. (West 2011). The Giffords allege a limited waiver of sovereign immunity by TEEX. A governmental unit is liable for personal injury caused by a condition or use of tangible personal or real property if the government would be liable, were it a private person, according to Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011). If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises. TEX. CIV. PRAC. & REM. CODE ANN. § 101.022 (a) (West 2011).

### Invitee or Licensee

In the first issue on appeal, TEEX argues that Corey was a licensee under the Texas Tort Claims Act because he did not pay for the use of the premises. The record

shows that Nalco, Corey's employer, contracted with TEEX for fire brigade training and that Nalco paid a fee for each participant attending the training. Nalco paid the required fee for Corey to participate in the training.

The payment of a fee related to the premises does not establish that the plaintiff has paid for the use of the premises. *Clay v. City of Fort Worth*, 90 S.W.3d 414, 417 (Tex. App.—Fort Worth 2002, no pet.). Only a fee charged for entry onto a particular premises is sufficient to confer invitee status under Section 101.022(a). *Id*. Nalco paid TEEX a fee for each participant in the fire brigade training class. The fee was required for participation in the training class. Although Corey did not pay the required fee himself, a fee was paid for him to enter the premises and participate in the training. *See City of Dallas v. Patrick*, 347 S.W.3d 452, 457 (Tex. App.—Dallas 2011, no pet.). Therefore, pursuant to Section 101.022(a), TEEX owed Corey the duty it would an invitee. We overrule the first issue.

**Duty of Licensee**

In the second issue TEEX contends that under the licensee standard, the Giffords failed to establish that TEEX possessed actual knowledge of the alleged dangerous condition. A licensee must prove that the premises owner actually knew of the dangerous condition, while an invitee need only prove that the owner knew or reasonably should have known. *See Reyes v. City of Laredo*, 335 S.W.3d 605, 606 (Tex. 2010). TEEX argues that to establish a waiver of sovereign immunity, the Giffords had the burden to plead and prove that TEEX possessed actual knowledge of the dangerous

algae at the time of the accident. As previously stated, this Court finds that TEEX owes Corey the duty it would owe an invitee. We overrule the second issue.

**Duty to Warn**

In the third issue TEEX argues that under the licensee standard, the Giffords failed to plead and prove that TEEX did not use ordinary care to warn of the dangerous condition. If the landowner has actual knowledge of a dangerous condition on the premises and the licensee is unaware of the condition, then the landowner has the additional duty to use ordinary care to either warn the licensee of the condition or make the condition reasonably safe. *Taylor v. Louis*, 349 S.W.3d 729, 735 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A licensee has the burden to plead and prove that he did not actually know of the condition. *Id*. TEEX contends that the Giffords did not establish that TEEX waived sovereign immunity by failing to warn of the dangerous condition. Because we find that Corey was an invitee, we overrule the third issue.

**Assumption of Risk and Release**

In the fourth issue, TEEX argues that Corey's express assumption of risk extinguished any liability owed by TEEX pursuant to the Tort Claims Act. In the fifth issue, TEEX argues that Corey's execution of a release and indemnity agreement extinguished any liability owed by TEEX pursuant to the Tort Claims Act.

Corey attended an orientation session on the TEEX premises prior to beginning fire brigade training. During the orientation session, each participant was given a registration form to complete. On the back of the registration form, there was a section titled "RELEASE" that stated:

1. In consideration for receiving permission to participate in Emergency Response Training, including but not limited to fire and rescue training, on behalf of my agency/organization, I hereby release, indemnify, and covenant not to sue the Texas Engineering Extension Service (TEEX), the Texas A&M University System, the State of Texas, their officers, agents or employees (Releasees) from any and all liability, claims, costs and causes of action arising out of or related to any property damage or personal injury, including death, that may be sustained by me, while participating in such activity, or while on the premises owned or leased by Releasees. I acknowledge there may be physically strenuous activities. I know of no physical or mental condition which would preclude my full participation.

2. I am fully aware of the risks and hazards involved with Emergency Response Training, including but not limited to <u>burns, heat stroke, heart attack, heat exhaustion, falls, and other related injuries</u>, and I choose to voluntarily participate in said activity with full knowledge that said activity may be hazardous to me and my property.

3. I understand that TEEX does not maintain any insurance policy covering any circumstance arising from my participation in this activity or any event related to that participation. As such, I am aware that I should review my personal insurance coverage.

4. In signing this release, I acknowledge that I have read and understood the Release; and I am at least eighteen (18) years of age and fully competent.

Corey signed and dated the Release. During his deposition testimony, Corey stated that although he signed the Release, he did not read it. Corey stated that he had time to read the Release, but did not because he thought it was a registration form to get credit for the class.

A release is a contractual agreement where one party assumes the liability inherent in a situation thereby relieving the other party of responsibility. *Dresser Industries, Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). A release surrenders legal rights or obligations between the parties to an agreement. *Id.* It operates to extinguish the claim or cause of action as effectively as would a prior

judgment between the parties and is an absolute bar to any right of action on the released matter. *Id*. The fair notice requirements of conspicuousness and the express negligence doctrine apply to both indemnity agreements and to releases. *Id* at 508-9.

A release is conspicuous when a reasonable person against whom a clause is to operate ought to have noticed it. *Id*. at 511. Language in capital headings or language in contrasting type or color is conspicuous. *Dresser Industries, Inc. v. Page Petroleum, Inc.*, 853 S.W.2d at 511; *Quintana v. CrossFit Dallas, L.L.C.*, 347 S.W.3d 445, 450 (Tex. App.—Dallas 2011, no pet.).

The release signed by Corey was part of a two page document. The section was titled "RELEASE" in all capital letters and bold font. The release contains four short sections set apart by numerals. The risks associated with the training, including falls, were underlined. Corey's signature appears directly under the section titled "RELEASE". We find that the release is sufficiently conspicuous to provide fair notice.

The express negligence rule states that if a party intends to be released from its own future negligence it must express that intent in clear, unambiguous terms within the four corners of the contract. *Quintana v. CrossFit Dallas, L.L.C.*, 347 S.W.3d at 450. The purpose of the express negligence rule is to require scriveners to make it clear when the intent of the parties is to exculpate a party for that party's own negligence. *Id*. The express negligence doctrine does not require that the indemnity provision use the specific word "negligence." *Banzhaf v. ADT Security Systems Southwest, Inc.*, 28 S.W.3d 180, 189 (Tex. App.—Eastland 2000, pet. den'd).

The language used in the release states that the participant does "hereby release, indemnify, and covenant not to sue" for "any and all liability, claims, costs and causes of action arising out of or related to any property damage or personal injury, including death, that may be sustained by me, while participating in such activity, or while on the premises". The language makes clear that TEEX intends to be released from its own negligence. We find that the release language is sufficient to satisfy the requirements of the express negligence rule.

The release and indemnity clause effectively bars Corey from recovering for injuries related to his fall. A governmental unit is liable for personal injury if the government would be liable, were it a private person, according to Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 100.021 (West 2011). Corey's execution of the release and indemnity agreement extinguished any liability owed by TEEX. Because a private person would not be liable for Corey's personal injuries, TEEX has not waived its sovereign immunity. We sustain the fifth issue on appeal. We need not address the fourth issue on appeal. *See* TEX. R. APP. P. 33.1.

**Conclusion**

We reverse the trial court's order denying TEEX's plea to the jurisdiction. We render judgment dismissing the Giffords' cause for lack of subject matter jurisdiction.


AL SCOGGINS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
(Chief Justice Gray concurring with a note)*
Reversed and rendered
Opinion delivered and filed March 14, 2012
[CV06]

*(Chief Justice Gray concurs in the judgment a separate opinion will not issue. He notes, however, that based upon the disposition of the fifth issue, the discussion and disposition of the first three issues is unnecessary to the disposition of the appeal.)