JOHNSON et al. v. MACIAS.

No. 13472.

United States Court of Appeals
Fifth Circuit.

Jan. 11, 1952.

Chas. C. Crenshaw, Sr., Lubbock, for appellants.

Bob Huff, Lamesa, Tex., R. H. Munsterman, Levelland, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

STRUM, Circuit Judge.

The question here is whether or not defendants below, appellants here, are liable

to plaintiff for personal injuries sustained by him while on defendants' premises, when struck by flying fragments of a metal pulley which distintegrated while revolving at high speed.

The principal questions are (1) whether plaintiff, as he contends, was upon defendants' premises as an implied invitee for business purposes, to whom defendants owed the duty to exercise reasonable care for his safety, or whether, as defendants contend, plaintiff was a mere licensee to whom defendants owed only the duty not to injure him wilfully or through gross negligence; (2) whether plaintiff's injuries are the result of defendants' negligence, or of the independent act of a third party; and (3) whether or not the trial judge erred in his charge to the jury.

Defendants operated a machine repair shop. Approximately a week prior to the incident here involved, plaintiff's employer, Buster Stewart, had delivered to defendants for overhauling a heavy Chrysler engine, of the same general type as an automobile engine, which Stewart used to operate an irrigation pump. When the repairs were completed, defendants attached to the rear or clutch end of the Chrysler crank shaft a split-type cast iron pulley 10 to 12 inches in diameter, so that the engine could be slowly "turned over" by outside power supplied by another motor through a belt extending to the pulley, in order to "limber up" the Chrysler before running it under its own power. The Chrysler engine was thus given a "limbering up" run, with outside power, at about 550 r.p.m., the afternoon before plaintiff was injured.

The pulley was an old one which had been cracked and welded in several places, as was readily apparent from a casual inspection thereof. It was designed for use on a shaft revolving not more than 700 r.p.m. The Chrysler engine had a minimum speed of about 1400 r.p.m. The width of the pulley was such that when it was attached to the clutch end of the engine shaft, the clutch lever could not be fully thrown, so as to release the clutch and stop the pulley from rotating, as the lever would strike the pulley before the clutch was fully open.

Anticipating that the repairs would be completed, the owner of the Chrysler engine, Buster Stewart, accompanied by plaintiff, his employee, went to defendants' shop to arrange for moving the engine, as more than one man was required to lift it. Stewart had taken plaintiff with him to defendants' shop for the same purpose on previous occasions. There is evidence that it was customary for patrons of the shop to bring their employees with them to aid in moving heavy engines from defendants' place of business after having them repaired.

The foreman of the repair shop, Worley, reported to Stewart that the engine was ready, except that he was having trouble with the carburetor, and could not get it properly adjusted. The foreman requested Stewart's aid in making the adjustment, which they undertook together, and for which purpose they cranked up and operated the Chrysler engine under its own power. While the shop foreman and Stewart were together endeavoring to adjust the carburetor, the throttle of the Chrysler was suddenly opened wide, with the result that the engine speeded up to about 3400 r.p.m., and the cast iron pulley disintegrated, hurling the fragments about with great force, some of them striking and injuring plaintiff. The evidence is in conflict as to who opened the throttle. The foreman testified, but Stewart denied, that Stewart opened it. It was for the jury to resolve the conflict.

In Texas, the owner or occupant of real property is under no duty to keep it safe for the benefit of trespassers, intruders, or mere licensees coming upon it for their own purposes and without the owner's invitation, express or implied. Such a person takes the premises as he finds them. The occupant of the premises owes him only the duty to refrain from injuring him "wilfully, wantonly or through gross negligence." Ordinarily, there is no liability to such a person for mere passive negligence. Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073; Texas Cities Gas Co. v. Dickens, 140 Tex. 433, 168 S. W.2d 208, affirming Tex.Civ.App., 156 S.W. 2d 1010; Panhandle & S. F. R. Co. v. Wil-

loughby, Tex.Civ.App., 58 S.W.2d 563, 565; Davidson v. Gulf etc. Ry. Co., Tex.Civ. App., 136 S.W.2d 923; Gulf Production Co. v. Quisenberry, 128 Tex. 347, 97 S.W.2d 166, affirming Tex.Civ.App., 63 S.W.2d 248; 30 Tex.Jur. 857(175).

■ To an invitee, however, that is, one upon another's premises not merely for his own convenience, but in furtherance of business relations with the occupant which would render his presence of mutual advantage to both, Houston Belt Ry. Co. v. Rogers, Tex.Civ.App., 44 S.W.2d 420; Morten Inv. Co. v. Trevey, Tex.Civ.App., 8 S.W.2d 527, headnotes 19 and 20; 30 Tex.Jur. 861, the occupant owes the duty to exercise reasonable care for the invitee's safety, the duty being the same to an implied as to an express invitee. Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S. W.2d 1073, reversing Tex.Civ.App., 120 S.W.2d 886; Russell v. Liggett Drug Co., Tex.Civ.App., 153 S.W.2d 231; Fort Worth & D. C. Ry. Co. v. Hambright, Tex.Civ. App., 130 S.W.2d 436; 30 Tex.Jur. 858 (175).

■ Although a licensee takes the premises as he finds them, the occupant owes him the duty not to wilfully injure him through active negligence, as by creating a new peril of which the licensee is not warned, after permitting him to enter upon the premises. Boggus v. Standridge, Tex. Civ.App., 138 S.W.2d 643; Houston Belt Ry. Co. v. O'Leary, Tex.Civ.App., 136 S.W. 601; Texas Cities Gas Co. v. Dickens, Tex. Civ.App., 168 S.W.2d 208; Davidson v. Gulf etc. Ry. Co., Tex.Civ.App., 136 S.W. 2d 923; Texas-Louisiana Power Co. v. Webster, Tex.Civ.App., 59 S.W.2d 902, 907; 30 Tex.Jur. 859 (176). See also Radio Cab v. Houser, 75 U.S.App.D.C. 35, 128 F.2d 604.

■ In the circumstances here presented, plaintiff was an implied invitee. Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073; Morten Inv. Co. v. Trevey, Tex.Civ.App., 8 S.W.2d 527; Houston Belt Ry. Co. v. Rogers, Tex.Civ.App., 44 S.W.2d 420. Defendants held themselves out to the public as skilled in the repair of irrigation engines, and impliedly invited patrons to bring their engines to their shop for repair. Defendants knowingly acquiesced in the long standing practice of patrons to bring their employees with them to the shop to assist in moving heavy engines. Plaintiff was there on this occasion to arrange for, and to later assist in, removing his employer's engine from defendants' shop after the repairs were completed, a transaction which was of advantage to defendants as well as to the owner of the engine. Defendants knew of, and made no objection to, plaintiff's presence there for this purpose, for which he was impliedly invited to enter.

Appellants contend that in view of the fact that Stewart, plaintiff's employer, participated in adjusting the carburetor, and in view of the testimony of the shop foreman that it was Stewart who opened the throttle, the trial judge in connection with his charge on proximate cause should have charged upon the meaning and effect of an efficient intervening cause, which appellants say the judge did not do.

■ The trial judge charged the jury that if they found that Stewart opened the throttle and speeded up the motor, and that such action was the proximate cause of the pulley breaking, and that such act of Stewart was not done at the "wish or instance" of defendants' employee, the verdict should be for defendants. This was an adequate charge as to efficient intervening cause given in specific, rather than abstract, terms. There was no evidence of any intervening cause other than Stewart's alleged opening of the throttle. If, in attempting to adjust the carburetor, Stewart acted independently, and on his own initiative, defendants would not be liable for his negligent act under the doctrine of *respondeat superior*. If, however, Stewart negligently opened the throttle while acting at the request and under the direction of defendants' shop foreman in endeavoring to adjust the carburetor, which was part of the work defendants undertook to do, as to which there is persuasive evidence, Stewart's negligent act would be attributable to

defendants.[1] The charge was appropriate to the evidence, and not prejudicial to defendants.

The trial court did not err in refusing to give a charge on "unavoidable accident." An "unavoidable" accident is one which is not occasioned in any degree, directly or remotely, by lack of due care. If the injury complained of could have been prevented by the exercise of reasonable prudence, it would not be the result of "unavoidable" accident. There is no evidence here tending to show that plaintiff's injuries resulted from any cause other than negligence on the part of some one. The issue of unavoidable accident is therefore not presented. Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W.2d 944, 97 A.L.R. 1513; Dallas Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777.

Finding no prejudicial error, the judgment is

Affirmed.

1. The case was not tried on the theory that Stewart and defendants were joint tort feasors,—defendants negligently supplying a defective pulley, Stewart negligently opening the throttle,—these negligent acts concurring to produce plaintiff's injury. It was tried on the theory that the shop foreman opened the throttle, or if it was opened by Stewart he was acting under the direction of the foreman and was defendants' agent.