Leola STEWART and Stanley Stewart, Appellants,

v.

BEAUMONT AERIE NUMBER 116, FRATERNAL ORDER OF EAGLES, INC., Appellee.

No. 09–97–349CV.

Court of Appeals of Texas, Beaumont.

Submitted April 8, 1999.

Decided May 27, 1999.

Bruce K. Bornefeld, Port Arthur, for appellants.

Aaron Pool, B. Allen Brady, Mattheisen & Chase, Houston, for appellees.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

Leola Stewart and Stanley Stewart brought a personal injury suit against Beaumont Aerie 116, Fraternal Order of Eagles, Inc. (the Eagles). The jury returned a verdict in favor of the Stewarts. The trial court granted the Eagles' motion for judgment not withstanding the verdict. The Stewarts bring three issues on appeal.

This is a slip-and-fall case. Leola Stewart was injured when she slipped in a puddle of water on premises owned by the Eagles. In their first two issues, the Stewarts complain the trial court erred in granting the Eagles' motion for JNOV. The entry of a judgment notwithstanding the verdict is only proper if there is no evidence from which the jury could have made its findings. *Stokes v. Puckett*, 972 S.W.2d 921, 923 (Tex.App.—Beaumont 1998, pet. denied); *Williams v. City of Midland*, 932 S.W.2d 679, 682 (Tex.App.— El Paso 1996, no writ). When reviewing a no evidence point, we review only the evidence tending to support the jury verdict and disregard all evidence to the contrary. *Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex.1988). If more than a scintilla of evidence supports the jury finding, it must be upheld. *Garcia v. Insurance Co. of State of Pa.*, 751 S.W.2d 857, 858 (Tex. 1988). Thus, we consider the evidence and inferences as they tend to support the verdict and not with a view toward supporting the judgment.

The Stewarts complain the court erred in finding there was no evidence to support the jury's finding that the Eagles knew or reasonably should have known of the dangerous condition. To succeed in a slip and fall case, a plaintiff must prove, among other things, that an owner/opera-tor has actual or constructive knowledge of a dangerous condition. *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

In slip-and-fall cases, the courts have required that the actual or constructive knowledge requirement be met in one of three ways. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex.1992). An invitee may prove: (1) that the owner/operator put the foreign substance on the floor; (2) that the owner/operator knew that it was on the floor and negligently failed to remove it; or (3) that the substance was on the floor so long that, in the exercise of ordinary care, it should have been discovered and removed. *Id.*

In the present case, the Stewarts do not claim the Eagles put the water on the floor and thus caused Leola to slip and fall. There was no evidence the Eagles created the condition on the floor or that someone told them about it. The Stewarts must therefore rely on the third method of proving actual or constructive knowledge; they had to prove the dangerous condition had been present for a sufficient length of time that a reasonable owner/operator would have discovered the condition. *Id.* at 265; *Richardson v. Wal–Mart*, Inc. 963 S.W.2d 162, 165 (Tex.App.—Texarkana 1998, no pet.).

The record reveals Leola Stewart slipped and fell at a bingo hall owned and operated by the Eagles. She and her husband Stanley sued the Eagles to recover damages for negligence based upon the duty the Eagles owed to Leola as an invitee on the premises. The jury found Leola was 40% responsible for the accident and awarded her and her husband damages. The trial court granted the Eagles' JNOV and found there was no evidence of part (b) of question one of the court's charge which provides the Eagles knew or reasonably should have known of the danger.

Leola testified she entered the bingo hall at about 6:45 p.m. on the evening she

fell. It was not raining at the time, but had rained that day and the day before. Upon coming through the door, Leola walked across a door mat that was placed inside of and adjacent to the door. When stepping off the mat, Leola slipped and fell in a puddle of water. Mrs. Dorothy Ned testified she observed the water on the floor that evening when she arrived at about 6:15 p.m. M.C. Sweats testified he noticed the puddle of water in front of the mat at about 6:20 p.m., and that the puddle was wider than his shoulders. Sweats testified he had seen the floor wet at that same location on several occasions prior to Leola's slip and fall. The record reveals the Eagles had at least three employees known as "floor walkers" whose job responsibilities included selling bingo tear sheets and checking the premises for spills.

The trial court erred in granting the Eagles' motion for JNOV because there was more than a scintilla of evidence to support the jury's finding that the Eagles had constructive knowledge of the condition. There was sufficient evidence the water was present for a sufficient length of time that a reasonable owner/operator would have discovered the condition. Two witnesses testified they had seen the water on the floor between 25 and 30 minutes before Leola slipped in the puddle. Water had been observed at the same place on several prior occasions and Eagles' employees periodically checked the floor for liquids. We sustain the Stewarts' first two issues. We do not address their third issue.

■■■ The Eagles bring two cross issues on appeal. They complain the evidence is factually insufficient to support a finding that (1) the Eagles knew or reasonably should have known of a dangerous condition existing on their premises, and (2) the Eagles failed to exercise reasonable care under the circumstances to reduce or eliminate a potential risk of harm. The standard of review of a challenge to the factual sufficiency of the evidence requires that we consider all of the evidence in the case and determine whether the evidence of the challenged fact findings is so weak, or the evidence to the contrary so overwhelming, that the jury's findings should be set aside and a new trial ordered. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998).

The evidence at trial indicated that at the time Leola slipped, the water had been on the floor for at least 25 to 30 minutes. It had been raining on the day of the incident and the day before. Merlin Jones, a patron of the bingo hall, testified he had been playing bingo at the hall two or three times a week for seven years and that there had always been two mats in front of the door where Leola slipped. Dorothy Ned testified there was only one mat in place the night Leola fell and that she did not see anyone try to clean up the water. She also stated there were no warning signs present. M.C. Sweats testified there was one door mat in place that evening at the site where Leola slipped. He testified he had seen water present at that location before, and had never seen anybody clean it up either in the past or that night and had never seen any warning signs present.

Laura Griffin, the cashier at the bingo hall, testified the Eagles did not have any designated persons to walk around and inspect the premises for safety. She stated the Eagles had three "floor walkers" who sell tear sheets at the bingo hall. Part of their job was to look around the hall to see if anything is wrong and to then take care of it or report it to the manager. They use mops to pick up spills.

In their brief, the Eagles direct us to evidence that the Eagles placed mats at all the entrances and evidence that the lighting and visibility in the hall were good, and that there was no evidence of any leaks in the hall's roof. Additionally, on cross examination, Leola agreed with defense counsel that was possible that someone

could have come in just a minute or two before her and tracked in some leaves or water.

After considering all of the evidence in this case, we do not find the evidence to be so weak, or the evidence to the contrary so overwhelming, that the jury's findings should be set aside and a new trial ordered. The Eagles' cross issues are overruled. The judgment of the trial court is set aside and the jury verdict is reinstated.

REVERSED AND RENDERED.