COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.
 2-09-176-CV

 

 

DALLAS-FORT WORTH
INTERNATIONAL                                 APPELLANT

AIRPORT PUBLIC FACILITY IMPROVEMENT

 CORPORATION D/B/A DFW 

INTERNATIONAL AIRPORT TERMINAL D 

D/B/A DALLAS FORT WORTH INTERNATIONAL 

AIRPORT BOARD 

 

                                                   V.

 

LINDA BANKS                                                                       APPELLEE

 

                                              ------------

 

           FROM
THE 236TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.      Introduction








Dallas-Fort
Worth International Airport Board (the Board) appeals the trial court=s denial
of its plea to the jurisdiction in this premises liability lawsuit filed
against it by Appellee Linda Banks.  The
Board contends in four issues that the trial court should have granted the
Board=s plea
to the jurisdiction because (1) the wet puddle in the airport terminal was not
a special defect, (2) Banks was a licensee, (3) Banks did not plead or prove
the elements of a licensee=s
premises liability claim, and (4) the Board exercised ordinary care.  We affirm.

II.     Procedural History

Banks
filed suit against the Board on February 3, 2009.  Her third amended petition alleged that Aafter
purchasing an airline ticket and while waiting to board her flight,@ she Aslipped
and fell on a translucent wet puddle@ on the
Board=s
premises Anear Gate D-6 at the American
Airlines Terminal.@ Banks alleged in her petition
that A[s]overeign
immunity is inapplicable here because liability arises under Texas Civil
Practice and Remedies Code ' 101.0215(10)
pursuant to one of the specific areas of waiver found in Texas Civil Practice
and Remedies Code ' 101.021(2).@  Banks further alleged the Board would be
liable to her under Texas law if the Board were a private person.  








The
Board filed its answer on March 31, 2009. 
The Board=s answer included a plea to the
jurisdiction in which the Board asserted the trial court did not have
subject-matter jurisdiction because Banks did not plead and prove certain
elements of a licensee=s premises liability claim.[2]  The Board filed a brief in support of its
plea on May 14, 2009,[3]
and Banks filed a response to the Board=s plea
on May 15, 2009.[4]  After a hearing, the trial court denied the
Board=s plea
by written order dated May 15, 2009. 
This interlocutory appeal by the Board followed.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 51.014(a)(8)
(Vernon 2008). 

III.     Standard of Review

Whether
the trial court has subject-matter jurisdiction is a question of law that we
review de novo.  Tex. Natural Res.
Conservation Comm=n v. IT‑Davy, 74
S.W.3d 849, 855 (Tex. 2002).  A plea to
the jurisdiction is a dilatory plea that challenges the trial court=s
subject-matter jurisdiction.  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  It is used to defeat a cause of action
without regard to whether the claims asserted have merit.  Id. 








The
plaintiff has the burden of alleging facts that affirmatively establish the
trial court=s subject-matter
jurisdiction.  Tex. Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  We construe the pleadings
liberally in favor of the plaintiff, look to the pleader=s
intent, and accept the pleadings= factual
allegations as true.  Tex. Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004).  If, as in this case, a plea to
the jurisdiction challenges the existence of jurisdictional facts, we consider
relevant evidence submitted by the parties that is necessary to resolve the
jurisdictional issues.  Id. at
227; Bland, 34 S.W.3d at 555.  








The plea
to the jurisdiction standard generally mirrors that of a traditional motion for
summary judgment.  Miranda, 133
S.W.3d at 228; see Tex. R. Civ. P. 166a(c).  The governmental unit is required to meet the
summary judgment standard of proof for its assertion that the trial court lacks
jurisdiction.  Miranda, 133 S.W.3d
at 228.  Once the governmental unit meets
its burden, the plaintiff is then required to show there is a disputed material
fact regarding the jurisdictional issue. 
Id.  We take as true all
evidence favorable to the nonmovant, and we indulge every reasonable inference
and resolve any doubts in the nonmovant=s
favor.  Wise Reg=l Health
Sys. v. Brittain, 268 S.W.3d 799, 805 (Tex. App.CFort
Worth 2008, no pet.) (citing Miranda, 133 S.W.3d at 228).  If the evidence creates a fact question
regarding jurisdiction, the trial court must deny the plea to the jurisdiction
and leave its resolution to the factfinder. 
Miranda, 133 S.W.3d at 227B28.  But if the evidence is undisputed or fails to
raise a fact question on the jurisdictional issue, the trial court rules on the
plea to the jurisdiction as a matter of law. 
Id. at 228.

IV.    Factual Background

The
record before the trial court at the hearing on the Board=s plea
to the jurisdiction consisted of Banks=s third
amended petition, the Board=s
original answer and plea to the jurisdiction, the Board=s brief
in support of its plea, Banks=s
response, and the evidence submitted by the parties.  Because we assume the truth of the nonmovant=s
evidence when reviewing a plea to the jurisdiction, Brittain, 268 S.W.3d
at 805, we summarize the evidence in the light most favorable to Banks, the
nonmovant.  

In her
deposition, Banks testified that she was traveling to Baton Rouge, Louisiana
for business and that her flight from Dallas-Fort Worth International Airport
was delayed.  Banks decided to charge her
cell phone while she waited, and she located an available electrical outlet
across the terminal from the gate. She said she noticed the floor was wet as
she plugged her phone into the outlet and slipped in the standing water while
attempting to retrieve her phone from the outlet.   








In the
affidavit attached to her response to the Board=s plea,
Banks averred that she paid for the use of the airport terminal where she fell
by purchasing an airline ticket.  Banks
stated that airport security personnel required her to show her airline ticket
before they allowed her to access the airport terminal where she fell and that
the security personnel would have refused her access to the airport terminal if
she had not purchased an airline ticket. 
Banks also stated that an unidentified passenger told her after her fall
that the passenger Ahad notified a gate agent for
American Airlines, approximately 30 minutes prior to [Banks=s] fall,
about the puddle of wet water and stated that they needed to clean the puddle
up before someone slipped on it.@ 








The
Board attached an affidavit by Clarence White, a Terminal Management
Representative, to its brief in support of its plea.  In his affidavit, White detailed the Board=s
procedures for responding to reports of any spills, puddles, or other
maintenance issues and stated there is no record of the Board being notified of
the puddle in which Banks slipped.  White
admitted, however, that the Board Adid not
have the necessary staff to conduct ramp and terminal inspections@ the
morning of Banks=s fall and that the Board Awas
unable to observe or detect the alleged condition which [Banks] claims caused
her to fall and injure herself.@  White also averred that American Airlines and
American Eagle employees are not Board employees and are not subject to the
Board=s
control. 

V.     Analysis

In four
issues, the Board contends that Banks failed to plead and prove all elements of
her premises liability claim because the wet puddle is not a special defect,
Banks was a licensee, Banks did not plead or prove certain elements of a
licensee=s
premises liability claim, and the Board exercised ordinary care. 

A.     Governmental Immunity








The
Board asserts that it is entitled to governmental immunity from suit. Unless
waived by the State, governmental immunity from suit defeats a trial court=s
subject‑matter jurisdiction. 
Miranda, 133 S.W.3d at 225. 
Relevant to this case, section 101.021(2) of the Tort Claims Act only
waives governmental immunity for personal injury caused by a condition or use
of real property if the governmental unit would be liable to the claimant under
Texas law if it were a private person. 
Tex. Civ. Prac. & Rem. Code Ann. ''
101.021(2), 101.025(a) (Vernon 2005). 
Conversely, the Tort Claims Act does not waive governmental immunity if
the governmental unit would not be liable to the claimant under Texas law if it
were a private person.  Id. ''
101.021(2), 101.025(a).  Thus, the Tort
Claims Act creates a unique statutory scheme in which immunity from liability
and immunity from suit are coextensive.  Miranda,
133 S.W.3d at 224; see also Tex. Civ. Prac. & Rem. Code ''
101.021(2), 101.025(a).  

B.     Section 101.022(b) Special Defect

In its
first issue, the Board argues the trial court should have dismissed the portion
of Banks=s
lawsuit that seeks to establish the puddle was a special defect under section
101.022(b) of the civil practice and remedies code.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 101.022(b)
(Vernon 2005).  Banks contends in
response that she did not plead or contend the puddle was a special defect
under section 101.022(b).  We have
reviewed Banks=s third amended petition and
response to the Board=s plea and agree with Banks that
she did not plead or contend the puddle was a special defect under section
101.022(b).  The trial court did not err
in declining to dismiss a claim Banks did not assert.  We overrule the Board=s first
issue.

C.     Banks=s Status
as an Invitee or Licensee








The
nature of the Board=s duty to Banks depends on
whether Banks was an invitee or licensee at the time of her fall.  See State v. Williams, 940
S.W.2d 583, 584 (Tex. 1996).  In its
second issue, the Board contends Banks was a licensee at the time of her
accident because she did not pay for use of the airport.  In response, Banks contends she was an
invitee at the time of her accident because she paid for entry into the area
where she fell when she purchased her airline ticket and because security
personnel would not have allowed her to access the area where she fell without
the airline ticket. 

To
support its argument that Banks was a licensee, the Board cites several cases,
including Simpson v. Harris County, 951 S.W.2d 251 (Tex. App.CHouston
[14th Dist.] 1997, no pet.), Churchman v. City of Houston, No.
01-96-00211-CV, 1996 WL 544250 (Tex. App.CHouston
[1st Dist.] Sept. 26, 1996, writ denied) (not designated for publication), and Garcia
v. State, 817 S.W.2d 741 (Tex. App.CSan
Antonio 1991, writ denied).  In Simpson,
the court held Simpson was a licensee rather than an invitee because her
payment of litigation filing fees was Anot
payment for the use of the courthouse premises.@  951 S.W.2d at 253.  In Churchman, the court affirmed
summary judgment for the City of Houston, holding that Churchman=s
summary judgment evidence did not create a fact issue that the city received
income from tickets purchased by de-planing passengers at the airport.  1996 WL 544250, at *2.  The Churchman court also stated that A[i]f
Churchman paid for airport parking, she paid for the use of the parking
premises, but not the airport terminal premises.@  Id. 
In Garcia, the court held that payment of general licensing fees
and fuel taxes did not mean Garcia was an invitee while driving on public
roadways.  817 S.W.2d at 743.













The
holdings in Simpson, Churchman, and Garcia do not compel
us to reverse the trial court=s order
denying the Board=s plea to the jurisdiction.  It is well-settled that the movant in a plea
to the jurisdiction proceeding is required to meet the traditional summary
judgment standard of proof for its assertion that the trial court lacks
subject-matter jurisdiction.[5]  Miranda, 133 S.W.3d at 228.  Instead of presenting evidence that Banks was
a licensee in the terminal where she fell, the Board contends there is Ano
evidence@ that
Banks paid for use of the terminal or that the Board requires payment for use
of the terminal. But the Board presented no evidence to the trial court to
prove either point.  The plea to the
jurisdiction standard generally mirrors that of rule 166a(c), not rule 166a(i),
and the Board cannot avail itself of no-evidence grounds in its plea to the
jurisdiction.  See id.  Banks was not required to come forward with
evidence raising a fact issue unless the Board first produced evidence
conclusively negating her payment for use of the terminal.  See id.; see also Tex. R. Civ.
P. 166a(c) (requiring trial court to render judgment for movant if the evidence
shows that Athere is no genuine issue as to
any material fact and the moving party is entitled to judgment as a matter of
law@).  The Board failed to prove as a matter of law
that Banks was not an invitee at the time of her accident.  See Harris County v. Smyly, 130
S.W.3d 330, 335 (Tex. App.CHouston
[14th Dist.] 2004, no pet.)  (stating
county Afailed
to address disputed facts@ in its summary judgment proof
and holding county failed to prove its right to governmental immunity as a
matter of law). 

Moreover,
Banks presented affidavit testimony that airport security personnel would have
prevented her access to the terminal where she fell had she not purchased an
airline ticket.  This evidence presents a
genuine issue of material fact concerning her status as an invitee.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 101.022(a);
McDonald v. City of The Colony, No. 02-08-00263-CV, 2009 WL 1815648, at
*7 (Tex. App.CFort Worth June 25, 2009, no
pet. hist.) (mem. op., not designated for publication) (A[I]f the
claimant pays for the use of the premises, the governmental entity owes the
claimant the duty owed to an invitee.@).  Therefore, the trial court correctly denied
the Board=s plea to the jurisdiction.  We overrule the Board=s second
issue.

 








D.     Elements of a Licensee=s
Premises Liability Claim

In its
third issue, the Board contends Banks did not Aallege
or provide any evidence@ of the elements of a licensee=s
premises liability claim.  See Williams,
940 S.W.2d at 584 (listing elements of a licensee=s
premises liability claim). However, the Board=s third
issue is not necessary to the disposition of this appeal because it is
dependent upon a determination that Banks was a licensee at the time of her
fall.  See Tex. R. App. P.
47.1.  Having held the Board failed to
prove as a matter of law that Banks was not an invitee at the time of her
accident, the Board cannot prevail on its plea to the jurisdiction based on
Banks=s
alleged failure to plead and prove the elements of a licensee=s
premises liability claim.  We overrule
the Board=s third issue. 

E.     The Board=s
Exercise of Ordinary Care

In its
fourth issue, the Board contends it Aexercised
ordinary care  to warn or prevent from
any conditions in the terminal.@  The Board also argues that it Atook
steps to inspect the Terminal on a daily basis@ and
that A[t]his
proactive approach certainly meets the >ordinary
care=
standard.@ [Emphasis in original]. 








In the
event Banks was an invitee, the Board, as the premises occupier, had a duty to
protect Banks from danger by either warning her of the puddle or making the
condition reasonably safe.  Williams,
940 S.W.2d at 584.  As discussed above,
the Board concedes that its staff did not inspect the terminal the day of Banks=s
accident, and White admitted in his affidavit that the Board did not have the
staff to inspect the terminal the morning of Banks=s
fall.  In addition, the Board presented
no evidence that it warned Banks of the puddle. The Board therefore failed to
prove as a matter of law that it exercised ordinary care.[6]  See id.; Stewart v. Beaumont Aerie
No. 116, Fraternal Order of Eagles, Inc., 990 S.W.2d 951, 954B55 (Tex.
App.CBeaumont
1999, no pet.) (holding there was factually sufficient evidence of lack of
reasonable care where water had been on floor at least twenty-five to thirty
minutes before accident and defendant did not have persons designated to
inspect premises for safety).  We
overrule the Board=s fourth issue.

VI.    Conclusion

Having
overruled each of the Board=s four
issues, we affirm the trial court=s order
denying the Board=s plea to the jurisdiction.      

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and
MCCOY, JJ.

 

DELIVERED:  January 7, 2010

 











[1]See Tex. R. App. P. 47.4.





[2]The Board also contended
in its plea to the jurisdiction that Banks did not give the Board pre-suit
notice of her claim and that the Board is immune from exemplary damages.  The Board does not assert either of these
contentions on appeal. 





[3]The Board attached Banks=s second amended
petition, excerpts from Banks=s deposition, an affidavit by Terminal Management
Representative Clarence White, and selected business records to its brief. 





[4]Banks attached her own
affidavit and correspondence between the parties to her response. 





[5]The Board cites Pogue
v. Allright, Inc., 375 S.W.2d 533, 537 (Tex. Civ. App.CAustin 1964, writ ref=d n.r.e.) for the
proposition that Banks has the burden of establishing her status as an invitee
or licensee at the time of her accident. 
Pogue is distinguishable; it did not involve a plea to the
jurisdiction.  Id. at 534,
537.  While Banks will have the burden of
establishing her invitee or licensee status at trial, see id. at 537,
the Texas Supreme Court made clear in Miranda that the plea to the
jurisdiction standard Agenerally mirrors that of
a summary judgment under Texas Rule of Civil Procedure 166a(c)@ and that the
governmental entity must Ameet the summary judgment
standard of proof@ by Aassert[ing] and
support[ing] with evidence that the trial court lacks subject matter
jurisdiction.@  Miranda, 133 S.W.3d at 228.





[6]We also note Banks
offered evidence that the water had been on the floor for at least thirty
minutes before her fall.