

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-176-CV

DALLAS-FORT WORTH INTERNATIONAL          APPELLANT
AIRPORT PUBLIC FACILITY IMPROVEMENT
 CORPORATION D/B/A DFW
INTERNATIONAL AIRPORT TERMINAL D
D/B/A DALLAS FORT WORTH INTERNATIONAL
AIRPORT BOARD

V.

LINDA BANKS          APPELLEE

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

I.     Introduction

Dallas-Fort Worth International Airport Board (the Board) appeals the trial

court's denial of its plea to the jurisdiction in this premises liability lawsuit filed

---

[1] *... See* Tex. R. App. P. 47.4.

against it by Appellee Linda Banks. The Board contends in four issues that the trial court should have granted the Board's plea to the jurisdiction because (1) the wet puddle in the airport terminal was not a special defect, (2) Banks was a licensee, (3) Banks did not plead or prove the elements of a licensee's premises liability claim, and (4) the Board exercised ordinary care. We affirm.

II.     Procedural History

Banks filed suit against the Board on February 3, 2009. Her third amended petition alleged that "after purchasing an airline ticket and while waiting to board her flight," she "slipped and fell on a translucent wet puddle" on the Board's premises "near Gate D-6 at the American Airlines Terminal." Banks alleged in her petition that "[s]overeign immunity is inapplicable here because liability arises under Texas Civil Practice and Remedies Code § 101.0215(10) pursuant to one of the specific areas of waiver found in Texas Civil Practice and Remedies Code § 101.021(2)." Banks further alleged the Board would be liable to her under Texas law if the Board were a private person.

The Board filed its answer on March 31, 2009. The Board's answer included a plea to the jurisdiction in which the Board asserted the trial court did not have subject-matter jurisdiction because Banks did not plead and prove

2

certain elements of a licensee's premises liability claim.[2] The Board filed a brief in support of its plea on May 14, 2009,[3] and Banks filed a response to the Board's plea on May 15, 2009.[4] After a hearing, the trial court denied the Board's plea by written order dated May 15, 2009. This interlocutory appeal by the Board followed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008).

III.    Standard of Review

Whether the trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). A plea to the jurisdiction is a dilatory plea that challenges the trial court's subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). It is used to defeat a cause of action without regard to whether the claims asserted have merit. *Id.*

---

[2]... The Board also contended in its plea to the jurisdiction that Banks did not give the Board pre-suit notice of her claim and that the Board is immune from exemplary damages. The Board does not assert either of these contentions on appeal.

[3]... The Board attached Banks's second amended petition, excerpts from Banks's deposition, an affidavit by Terminal Management Representative Clarence White, and selected business records to its brief.

[4]... Banks attached her own affidavit and correspondence between the parties to her response.

The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept the pleadings' factual allegations as true. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If, as in this case, a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties that is necessary to resolve the jurisdictional issues. *Id.* at 227; *Bland*, 34 S.W.3d at 555.

The plea to the jurisdiction standard generally mirrors that of a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 228; *see* Tex. R. Civ. P. 166a(c). The governmental unit is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction. *Miranda*, 133 S.W.3d at 228. Once the governmental unit meets its burden, the plaintiff is then required to show there is a disputed material fact regarding the jurisdictional issue. *Id.* We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Wise Reg'l Health Sys. v. Brittain*, 268 S.W.3d 799, 805 (Tex. App.—Fort Worth 2008, no pet.) (citing *Miranda*, 133 S.W.3d at 228). If the evidence creates a fact question regarding jurisdiction, the trial

4

court must deny the plea to the jurisdiction and leave its resolution to the factfinder. *Miranda*, 133 S.W.3d at 227–28. But if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

IV.    Factual Background

The record before the trial court at the hearing on the Board's plea to the jurisdiction consisted of Banks's third amended petition, the Board's original answer and plea to the jurisdiction, the Board's brief in support of its plea, Banks's response, and the evidence submitted by the parties. Because we assume the truth of the nonmovant's evidence when reviewing a plea to the jurisdiction, *Brittain*, 268 S.W.3d at 805, we summarize the evidence in the light most favorable to Banks, the nonmovant.

In her deposition, Banks testified that she was traveling to Baton Rouge, Louisiana for business and that her flight from Dallas-Fort Worth International Airport was delayed. Banks decided to charge her cell phone while she waited, and she located an available electrical outlet across the terminal from the gate. She said she noticed the floor was wet as she plugged her phone into the outlet and slipped in the standing water while attempting to retrieve her phone from the outlet.

In the affidavit attached to her response to the Board's plea, Banks averred that she paid for the use of the airport terminal where she fell by purchasing an airline ticket. Banks stated that airport security personnel required her to show her airline ticket before they allowed her to access the airport terminal where she fell and that the security personnel would have refused her access to the airport terminal if she had not purchased an airline ticket. Banks also stated that an unidentified passenger told her after her fall that the passenger "had notified a gate agent for American Airlines, approximately 30 minutes prior to [Banks's] fall, about the puddle of wet water and stated that they needed to clean the puddle up before someone slipped on it."

The Board attached an affidavit by Clarence White, a Terminal Management Representative, to its brief in support of its plea. In his affidavit, White detailed the Board's procedures for responding to reports of any spills, puddles, or other maintenance issues and stated there is no record of the Board being notified of the puddle in which Banks slipped. White admitted, however, that the Board "did not have the necessary staff to conduct ramp and terminal inspections" the morning of Banks's fall and that the Board "was unable to observe or detect the alleged condition which [Banks] claims caused her to fall and injure herself." White also averred that American Airlines and American

6

Eagle employees are not Board employees and are not subject to the Board's control.

V.    Analysis

In four issues, the Board contends that Banks failed to plead and prove all elements of her premises liability claim because the wet puddle is not a special defect, Banks was a licensee, Banks did not plead or prove certain elements of a licensee's premises liability claim, and the Board exercised ordinary care.

A.    Governmental Immunity

The Board asserts that it is entitled to governmental immunity from suit. Unless waived by the State, governmental immunity from suit defeats a trial court's subject-matter jurisdiction. *Miranda*, 133 S.W.3d at 225. Relevant to this case, section 101.021(2) of the Tort Claims Act only waives governmental immunity for personal injury caused by a condition or use of real property if the governmental unit would be liable to the claimant under Texas law if it were a private person. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(2), 101.025(a) (Vernon 2005). Conversely, the Tort Claims Act does not waive governmental immunity if the governmental unit would not be liable to the claimant under Texas law if it were a private person. *Id.* §§ 101.021(2), 101.025(a). Thus, the Tort Claims Act creates a unique statutory scheme in which immunity from

7

liability and immunity from suit are coextensive. *Miranda*, 133 S.W.3d at 224; *see also* Tex. Civ. Prac. & Rem. Code §§ 101.021(2), 101.025(a).

B.      Section 101.022(b) Special Defect

In its first issue, the Board argues the trial court should have dismissed the portion of Banks's lawsuit that seeks to establish the puddle was a special defect under section 101.022(b) of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b) (Vernon 2005). Banks contends in response that she did not plead or contend the puddle was a special defect under section 101.022(b). We have reviewed Banks's third amended petition and response to the Board's plea and agree with Banks that she did not plead or contend the puddle was a special defect under section 101.022(b). The trial court did not err in declining to dismiss a claim Banks did not assert. We overrule the Board's first issue.

C.      Banks's Status as an Invitee or Licensee

The nature of the Board's duty to Banks depends on whether Banks was an invitee or licensee at the time of her fall. *See State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996). In its second issue, the Board contends Banks was a licensee at the time of her accident because she did not pay for use of the airport. In response, Banks contends she was an invitee at the time of her accident because she paid for entry into the area where she fell when she

8

purchased her airline ticket and because security personnel would not have allowed her to access the area where she fell without the airline ticket.

To support its argument that Banks was a licensee, the Board cites several cases, including *Simpson v. Harris County*, 951 S.W.2d 251 (Tex. App.—Houston [14th Dist.] 1997, no pet.), *Churchman v. City of Houston*, No. 01-96-00211-CV, 1996 WL 544250 (Tex. App.—Houston [1st Dist.] Sept. 26, 1996, writ denied) (not designated for publication), and *Garcia v. State*, 817 S.W.2d 741 (Tex. App.—San Antonio 1991, writ denied).  In *Simpson*, the court held Simpson was a licensee rather than an invitee because her payment of litigation filing fees was "not payment for the use of the courthouse premises."  951 S.W.2d at 253.  In *Churchman*, the court affirmed summary judgment for the City of Houston, holding that Churchman's summary judgment evidence did not create a fact issue that the city received income from tickets purchased by de-planing passengers at the airport.  1996 WL 544250, at *2. The *Churchman* court also stated that "[i]f Churchman paid for airport parking, she paid for the use of the parking premises, but not the airport terminal premises."  *Id.*  In *Garcia*, the court held that payment of general licensing fees and fuel taxes did not mean Garcia was an invitee while driving on public roadways.  817 S.W.2d at 743.

The holdings in *Simpson*, *Churchman*, and *Garcia* do not compel us to reverse the trial court's order denying the Board's plea to the jurisdiction. It is well-settled that the movant in a plea to the jurisdiction proceeding is required to meet the traditional summary judgment standard of proof for its assertion that the trial court lacks subject-matter jurisdiction.[5] *Miranda*, 133 S.W.3d at 228. Instead of presenting evidence that Banks was a licensee in the terminal where she fell, the Board contends there is "no evidence" that Banks paid for use of the terminal or that the Board requires payment for use of the terminal. But the Board presented no evidence to the trial court to prove either point. The plea to the jurisdiction standard generally mirrors that of rule 166a(c), not rule 166a(i), and the Board cannot avail itself of no-evidence grounds in its plea to the jurisdiction. *See id.* Banks was not required to come forward with evidence raising a fact issue unless the Board first produced evidence

---

[5] The Board cites *Pogue v. Allright, Inc.*, 375 S.W.2d 533, 537 (Tex. Civ. App.—Austin 1964, writ ref'd n.r.e.) for the proposition that Banks has the burden of establishing her status as an invitee or licensee at the time of her accident. *Pogue* is distinguishable; it did not involve a plea to the jurisdiction. *Id.* at 534, 537. While Banks will have the burden of establishing her invitee or licensee status at trial, *see id.* at 537, the Texas Supreme Court made clear in *Miranda* that the plea to the jurisdiction standard "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)" and that the governmental entity must "meet the summary judgment standard of proof" by "assert[ing] and support[ing] with evidence that the trial court lacks subject matter jurisdiction." *Miranda*, 133 S.W.3d at 228.

10

conclusively negating her payment for use of the terminal. *See id.*; *see also* Tex. R. Civ. P. 166a(c) (requiring trial court to render judgment for movant if the evidence shows that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law"). The Board failed to prove as a matter of law that Banks was not an invitee at the time of her accident. *See Harris County v. Smyly*, 130 S.W.3d 330, 335 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (stating county "failed to address disputed facts" in its summary judgment proof and holding county failed to prove its right to governmental immunity as a matter of law).

Moreover, Banks presented affidavit testimony that airport security personnel would have prevented her access to the terminal where she fell had she not purchased an airline ticket. This evidence presents a genuine issue of material fact concerning her status as an invitee. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a); *McDonald v. City of The Colony*, No. 02-08-00263-CV, 2009 WL 1815648, at *7 (Tex. App.—Fort Worth June 25, 2009, no pet. hist.) (mem. op., not designated for publication) ("[I]f the claimant pays for the use of the premises, the governmental entity owes the claimant the duty owed to an invitee."). Therefore, the trial court correctly denied the Board's plea to the jurisdiction. We overrule the Board's second issue.

11

D.    Elements of a Licensee's Premises Liability Claim

In its third issue, the Board contends Banks did not "allege or provide any evidence" of the elements of a licensee's premises liability claim. *See Williams*, 940 S.W.2d at 584 (listing elements of a licensee's premises liability claim). However, the Board's third issue is not necessary to the disposition of this appeal because it is dependent upon a determination that Banks was a licensee at the time of her fall. *See* Tex. R. App. P. 47.1. Having held the Board failed to prove as a matter of law that Banks was not an invitee at the time of her accident, the Board cannot prevail on its plea to the jurisdiction based on Banks's alleged failure to plead and prove the elements of a licensee's premises liability claim. We overrule the Board's third issue.

E.    The Board's Exercise of Ordinary Care

In its fourth issue, the Board contends it "exercised ordinary care to warn or prevent from any conditions in the terminal." The Board also argues that it "took steps to inspect the Terminal on a *daily* basis" and that "[t]his proactive approach certainly meets the 'ordinary care' standard." [Emphasis in original].

In the event Banks was an invitee, the Board, as the premises occupier, had a duty to protect Banks from danger by either warning her of the puddle or making the condition reasonably safe. *Williams*, 940 S.W.2d at 584. As discussed above, the Board concedes that its staff did not inspect the terminal

12

the day of Banks's accident, and White admitted in his affidavit that the Board did not have the staff to inspect the terminal the morning of Banks's fall. In addition, the Board presented no evidence that it warned Banks of the puddle. The Board therefore failed to prove as a matter of law that it exercised ordinary care.[6] *See id.*; *Stewart v. Beaumont Aerie No. 116, Fraternal Order of Eagles, Inc.*, 990 S.W.2d 951, 954–55 (Tex. App.—Beaumont 1999, no pet.) (holding there was factually sufficient evidence of lack of reasonable care where water had been on floor at least twenty-five to thirty minutes before accident and defendant did not have persons designated to inspect premises for safety). We overrule the Board's fourth issue.

VI.    Conclusion

Having overruled each of the Board's four issues, we affirm the trial court's order denying the Board's plea to the jurisdiction.

ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED:  January 7, 2010

---

[6]... We also note Banks offered evidence that the water had been on the floor for at least thirty minutes before her fall.

13